UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-61163-RKA

ERRON WILLIAMS,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ACCOUNT
RESOLUTION SERVICES,

    Defendant.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, HEALTHCARE REVENUE Recovery GROUP, LLC D/B/A ACCOUNT RESOLUTION SERVICES[1] ("ARS"), and files its Answer and Affirmative Defenses to the Plaintiff's Complaint in the above-entitled matter, denies each and every allegation in the Complaint [**DE 1**], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**JURISDICTION AND VENUE**

1. Admitted for purposes of jurisdiction and venue only; otherwise denied.

2. Admitted for purposes of personal jurisdiction only.

3. Unknown at this time; therefore, denied.

---

[1] The correct name of the corporation is Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services. For purposes of identification and common reference, Defendant will be identified as "ARS" or "Defendant ARS" throughout the Answer and Affirmative Defenses.

4. Admitted for purposes of venue only; otherwise, denied.

## PARTIES

5. Unknown at this time; therefore, denied.

6. Admitted.

## DEMAND FOR JURY TRIAL

7. Defendant demands trial by jury regarding any issues of fact and law that remain following the ruling on any dispositive motions filed herein.

## FACTUAL ALLEGATIONS

8. Admitted to the extent that Defendant ARS was retained, by the original creditor, to seek repayment for medical debt services from the Plaintiff; otherwise denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted to the extent that Defendant ARS utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors.  The information provided is not "disclosed" to the third party as all information is conveyed and transferred through

secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

20. Admitted to the extent that Defendant ARS utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

21. Denied. Defendant demands strict proof thereof.

22. Denied. Defendant demands strict proof thereof.

23. Denied. Defendant demands strict proof thereof.

24. Denied. Defendant demands strict proof thereof.

25. Admitted to the extent that Defendant ARS utilizes a third-party vendor to assist in the preparation and mailing of written communications to its patient/debtors. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

26. Admitted.

27. Admitted to the extent that the content of Exhibit A is self-evident; otherwise, denied.

28. Denied. Defendant demands strict proof thereof.

29. Admitted to the extent that the content of Exhibit A is self-evident; otherwise, denied.

30. Admitted to the extent that Defendant, at all times relevant to the matters asserted in this lawsuit, complied with the provisions of the FDCPA, namely, 15 U.S.C. § 1692c(b) and § 559.72(5), *Fla. Stat.*, of the Florida Consumer Collection Practices Act ("FCCPA").

31. Denied. Defendant demands strict proof thereof.

32. Denied. Defendant demands strict proof thereof.

## Count 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

33. ARS incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

34. Admitted to the extent that 15 U.S.C. § 1692c(b) of the FDCPA is self-evident in its entirety; and, thus, denied as to any aspects or interpretations other than the plain full reading of the same.

35. Denied. Defendant demands strict proof thereof.

36. To the extent this paragraph is construed to pertain to Defendant, this allegation is denied; Defendant demands strict proof thereof.

## Count 2
## VIOLATION OF FLA. STAT. § 559.72(5)

37. ARS incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

38. Admitted to the extent that § 559.72(5), *Fla. Stat.*, of the Florida Consumer Collection Practices Act is self-evident in its entirety; and, thus, denied as to any aspects or interpretations other than the plain full reading of the same.

39. Denied.

40. To the extent this paragraph is construed to pertain to Defendant, this allegation is denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively asserts that it had authorization and/or consent to communicate information about the Plaintiff to third-party vendors pursuant to documentation of consent for treatment and privacy agreements under HIPAA.

### Third Affirmative Defense

Defendant affirmatively asserts that Plaintiff's reliance upon the Eleventh Circuit's recent opinion in *Hunstein,* should not be applied to the Defendant retroactively.  The Defendant can demonstrate the three factors to preclude retroactive application as follows: (1) the *Hunstein* issue was a matter of first impression within this Circuit and contrary to the industry's utilization of third-party vendors without incident or issue for more than 25 years. Thus, the ruling was not clearly foreshadowed as a potential violation of the FDCPA based on the district court's opinion; (2) the retroactive impact of the *Hunstein* opinion has generated at least 100 class action and individual "copy-cat" lawsuits against debt collectors since the date of the opinion on April 21, 2021; and (3) the application of the *Hunstein* opinion retroactively creates injustice and undue hardship upon the Defendant. *See: State Farm Fire & Casualty Co. v. Sweat*, 547 F. Supp. 233 (N.D. Ga. 1982).

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a Account Resolution Services, requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, award reasonable attorney fees and costs as provided for under applicable law.

Dated this **8th day of June, 2021.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
SKohlmyer@Shepardfirm.com
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services*

## CERTIFICATE OF SERVICE

I HEREBY that a copy of the foregoing has been electronically filed on **June 8, 2021**, via the Florida E-filing Portal and that a copy was furnished by electronic transmission to Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com and Thomas J. Patti, Esquire at tom@ jibraellaw.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0101108