UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-61163-RKA

ERRON WILLIAMS,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC
d/b/a ACCOUNT RESOLUTION SERVICES,

    Defendant.
_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ACCOUNT RESOLUTION SERVICES' REMOVAL STATUS REPORT PURSUANT TO ORDER [DE 4]

Defendant, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services ("Defendant" or "ARS"), pursuant to this Court's Order dated June 7, 2021 (DE 4), by and through its undersigned counsel, hereby files this Removal Status Report.

1. Statement of Claim

    **1. Plaintiff's Claim**

    Plaintiff asserts that during the course of debt collection related to medical treatment, Defendant violated 15 U.S.C. § 1692c(b) of the FDCPA and §559.72(5) of the FCCPA. Specifically, Plaintiff avers that Defendant transferred her information to a third-party vendor for the purposes of creating and sending to her collection correspondence dated May 15, 2020. Plaintiff further alleges that Defendant transferred Plaintiff's information to other third-party entities in connection with the subject debt. Plaintiff asserts that

1

Defendant transferred her information to third parties with the knowledge that the third parties did not have a legitimate business need for the information.

2. **Defendant Healthcare Revenue Recovery Group, LLC's d/b/a Account Resolution Services' Defenses**

Defendant has asserted that it did not violate the FDCPA or the FCCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses: (1) not liable for the actions of third parties; (2) FDCPA's and FCCPA's *bona fide* error defenses; (3) Defendant had authorization and/or consent to communicate information about the Plaintiff to third-party vendors pursuant to documentation of consent for treatment and privacy agreements under HIPAA; and (3) Plaintiff's reliance upon the Eleventh Circuit's recent opinion in *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2021 U.S. App. Lexis 11648 (11th Cir. Apr. 21, 2021), should not be applied to the Defendant retroactively. **[DE5]**

2. Statement of Removal

The instant suit is a civil action, Plaintiff asserts a claim under the federal Fair Debt Collection Practices Act ("FDCPA") in which removal was based on federal question jurisdiction, accorded to Defendant, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services. The Complaint seeks an award of damages against the Defendant for alleged actions taken during the course of debt collection attempts by the Defendant against the Plaintiff, which are asserted to violate the FDCPA. Plaintiff seeks

statutory and "reputational" damages [1] allegedly caused by the transmission of her information in connection with the debt for collection by the Defendant. **[DE 1]**

3. Pending Motions

   There are no pending motions filed in this action.

4. Statement of Joinder and Consent to Removal

   There are no other Defendants in this action and as such, no consent to removal to federal court was necessary.

5. Statement of Timeliness of Removal

   28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Additionally, that each defendant shall have thirty (30) days after receipt by service on that defendant of the initial pleading or summons to file the notice of removal. Here, the original Complaint was filed with the Court and served upon ARS on May 19, 2021. Defendant, ARS filed the Petition for Removal to Federal Court on June 3, 2021; accordingly, the Petition for Removal was submitted to this Court less than thirty (30) days from service of the Complaint on Defendant, HRRG. **[DE 1]**

---

[1] Paragraph 23 states *"[t]he transmitted information affected Plaintiff's reputation. For example, the transmission of Plaintiff's information affected Plaintiff's reputation regarding repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness."*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 17th, 2021**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com and Thomas J. Patti, Esquire at tom@ jibraellaw.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services*