UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61163-RKA

ERRON WILLIAMS,

    Plaintiff,
v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC,

    Defendant.
_____/

## **MOTION TO CONSOLIDATE RELATED ACTIONS**

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Erron Williams submits this Motion to Consolidate the below-identified four (4) cases *into* the above-captioned action.

### **POSTURE & BACKGROUND**

1. The above-captioned case (the "*Williams Case*") was filed against Defendant Healthcare Revenue Recovery Group, LLC ("Defendant") on May 17, 2021, in Broward County Court, *Case COCE-21-027400*, and timely removed to this Court by Defendant on June 4, 2021.

2. The *Williams Case*, in comparison to the below identified cases, represents the earliest filed case with the lowest assigned case number.

3. The first related case is Virginia Ayala v. Healthcare Revenue Recovery Group, LLC, *Case 0:21-cv-61428-RKA*, (the "*Ayala Case*"), of which was first docketed in the Southern District of Florida on July 14, 2021.

4. The second related case is Patricia Rosa v. Healthcare Revenue Recovery Group, LLC, *Case 1:21-cv-22510-JEM*, (the "*Rosa Case*"), of which was first docketed in the Southern District of Florida on July 14, 2021.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. The third related action is <u>Melissa Rocher v. Healthcare Revenue Recovery Group, LLC</u>, *Case 0:21-cv-61964-MGC*, (the "*Rocher Case*"), of which was docketed in the Southern District of Florida on September 20, 2021.

6. The fourth related action is <u>Lakesha Wilson v. Healthcare Revenue Recovery Group, LLC</u>, *Case 1:21-cv-23658-BB*, (the "*Wilson Case*"), of which was docketed in the Southern District of Florida on October 18, 2021.

7. The *Williams Case*, the *Ayala Case*, the *Rosa Case*, the *Rocher Case*, and the *Wilson Case* (collectively, the "Related Cases") each allege that Defendant unlawfully transmitted the respective plaintiff's information to a third-party in violation of 15 U.S.C. § 1692c(b).

8. Each of the Related Cases involve common questions of law and fact, with the seminal inquiry being whether the transmission of the respective plaintiff's information to a third party was a "communication" within the scope of 15 U.S.C. § 1692a(2).

9. In each of the Related Cases, the named plaintiffs are represented by the undersigned counsel.

10. In each of the Related Cases, Defendant is represented by the same counsel.

**STANDARD OF REVIEW**

11. Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (a) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is well-settled that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants.'" <u>Hendrix</u>

PAGE | **2** of **5**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (*citing* In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)).

12. Courts in this District have recognized that consolidation "benefit[s] the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." Coleman Clearing Corp. v. Gurian (In re Adler), 2008 U.S. Dist. Lexis 30521, at *1 (S.D. Fla. April 10, 2008). Thus, where – as here – "the complaints present similar claims for relief based upon a single course of conduct," consolidation is appropriate since it "promotes judicial economy by streamlining and simplifying pre-trial and discovery issues." Id; Newman v. Eagle Bldg. Techs., 209 F.R.D. 499, 501502 (S.D. Fla. July 31, 2002) (finding that class actions were "ideally situated for consolidation" since they were "based upon a single course of conduct" and consolidation would therefore "promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.").

**CONSOLIDATION OF THE "RELATED CASES" IS APPROPRIATE**

13. In the Related Cases, each of the plaintiffs allege that Defendant "transmitted Plaintiff's personal information to a third-party,"[1] "of whom Defendant transmitted Plaintiff's personal information to, complied [the plaintiff's] personal information and prepared a letter that was to be sent to [the plaintiff] in an attempt to collect the [underlying consumer debt],[2] and

---

[1] *See Williams Case*, D.E. 1-2 at ¶ 20; *Ayala Case*, D.E. 1-2 at ¶ 20; *Rosa Case*, D.E. 1-2 at ¶ 20; *Rocher Case*, D.E. 1-2 at ¶ 20; *Wilson Case*, D.E. 1-2 at ¶ 20.

[2] *See Williams Case*, D.E. 1-2 at ¶ 22; *Ayala Case*, D.E. 1-2 at ¶ 22; *Rosa Case*, D.E. 1-2 at ¶ 22; *Rocher Case*, D.E. 1-2 at ¶ 22; Wilson Case, D.E. 1-2 at ¶ 20.

"Defendant's transmission of [the plaintiff's] personal information to the [third-party] is an explicit violation of § 1692c(b) of the FDCPA."[3]

14. Given the substantial similarity between the Parties and issues of law and fact in the Related Cases, consolidation is appropriate and would not result in any confusion of issues or prejudice to any of the Parties. Further, consolidation would preserve judicial resources and alleviate the significant burden and costs of litigating the Related Cases separately.

15. WHEREFORE, for the foregoing reasons, Plaintiff Erron Williams respectfully request that the Court grant this Motion and consolidate the *Ayala Case*, the *Rosa Case*, the *Rocher Case*, and the *Wilson Case*, into the above-captioned case, *i.e.*, the *Williams Case*.

**CERTIFICATE OF CONFERRAL**

Counsel for Plaintiff certifies that, prior to the submission of this Motion, he conferred with counsel for Defendant regarding the relief sought herein, and Defendant opposes the relief sought.

Dated: November 5, 2021

Respectfully Submitted,

  /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

---

[3] *See Williams Case*, D.E. 1-2 at ¶ 28; *Ayala Case*, D.E. 1-2 at ¶ 28; *Rosa Case*, D.E. 1-2 at ¶ 28; *Rocher Case*, D.E. 1-2 at ¶ 28; Wilson Case, D.E. 1-2 at ¶ 20.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com